IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY LAMONT WARREN : CIVIL ACTION FILED AUG 18 2016
:
v. :
:
PA BOARD OF PROBATION & PAROLE, et al.: NO. 16-2804

M E M O R A N D U M

SLOMSKY, J. AUGUST 17th, 2016

Plaintiff, an inmate, has filed a pro se civil rights action against the Pennsylvania Board of Probation and Parole ("Board"), the Secretary of the Board, a supervisor and parole agent at the Lancaster County Board of Probation and Parole and an assistant public defender. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. FACTS

Plaintiff alleges that he received a technical parole violation, which he appealed to the Board. His appeal was denied by the Board and Secretary Barkley. In his prayer for relief, in addition to money damages, he is asking this Court to review the State's decision to revoke his parole, and to intervene in his ongoing criminal case.

II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other

**ENTERED**

AUG 18 2016

**CLERK OF COURT**

things, it is frivolous. A complaint is legally frivolous if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

III.     DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Nothing in the complaint suggests that the revocation of plaintiff's parole has been reversed or otherwise invalidated. As success on plaintiff claims would necessarily demonstrate the invalidity of his not-yet-invalidated sentence, the claims are not cognizable under § 1983. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (Heck barred claim challenging constitutionality of parole revocation decision). Therefore, plaintiff's claims against his parole agent, Andrew Johnson, will be dismissed. His claims against the supervisor at the Lancaster County Board of Probation and Parole will also be dismissed

because plaintiff's complaint does not contain any reference to this defendant, and there is no <u>respondeat superior</u> liability in § 1983 cases. <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976).

Plaintiff's claims against the Board and Secretary Barkley will be dismissed. The Board is entitled to Eleventh Amendment immunity and is not a person for purposes of 42 U.S.C. § 1983. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 65-66 (1989) (a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision); <u>Goodman v. McVey</u>, 428 F. App'x 125, 127 (3d Cir. 2011) (per curiam) (claims against the Board were "prohibited by the Eleventh Amendment"). Secretary Barkley is entitled to quasi-judicial immunity from plaintiff's claims because they are based on acts she performed in connection with her adjudicatory duties as Board Secretary. <u>See</u> <u>Harper v. Jeffries</u>, 808 F.2d 281, 284 (3d Cir. 1986) ("No doubt can be entertained that probation officers and Pennsylvania Parole Board members are entitled to quasi-judicial immunity when engaged in adjudicatory duties." (quotations omitted)).

A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). Therefore, plaintiff's claims against Mary Jean Glick, Esq. will be dismissed.

Finally, plaintiff is requesting that this court

intervene in his pending state case. This Court, in deference to the principles of comity and federalism, will not interfere in the state criminal process absent a showing of irreparable injury, a flagrant and patent violation of an express constitutional prohibition, or other extraordinary circumstances warranting equitable relief. Younger v. Harris, 401 U.S. 37, 53-54 (1971). None of the facts alleged by plaintiff meet these threshold requirements.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the above deficiencies in his complaint. Accordingly, plaintiff will not be permitted to file an amended complaint.

IV.     **CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.